UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-404

| | | |
|---|---|---|
| **MARGARET L. WHITE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **BUCKEYE FIRE EQUIPMENT COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Strike Declaration of Patrick Harris. After reviewing the declaration in question, the court finds that striking the declaration is appropriate. Mr. Harris's declaration, while made under penalty of perjury, is neither dated nor signed. This is a fatal flaw under 28 U.S.C. § 1746 that prevents the court from considering the declaration as evidence in the instant matter. See Montgomery v. Ruxton Health Care, IX, LLC, 2006 U.S. Dist. LEXIS 90643, at *15 (E.D. Va. 2006) (holding that "the most critical requirement of § 1746 is that the affiant sign [his] name under penalty of perjury"); Hendricks v. Barnes, 2007 U.S. Dist. LEXIS 57049, at *1-2 (M.D.N.C. Aug. 3, 2007) (holding that an affidavit "should be stricken as insufficient, for it is unsigned and fails to comply with 28 U.S.C. § 1746"). Having considered defendant's motion, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Strike Declaration of Patrick Harris (#19) is **GRANTED**. Said declaration (#18-4) is stricken from the record and will not be considered in evaluating defendant's Motion for Summary Judgment (#14).

Signed: May 21, 2018

Max O. Cogburn Jr
United States District Judge